IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Aubin Liberte, #239470, | ) | C/A No. 0:09-1343-JFA-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Warden of Lieber Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Aubin Liberte ("Liberte"), a self-represented state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the respondent's motion for summary judgment. (Docket Entry 18.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (Docket Entry 20.) Liberte retained counsel, who filed a response in opposition to the respondent's motion. (Docket Entry 31.) Liberte's counsel was subsequently relieved by the court, and Liberte was granted extensive time to supplement counsel's response. Liberte filed a supplemental response on July 26, 2010. (Docket Entry 65.) Additionally, Liberte has filed motions requesting that his case be held in abeyance; requesting leave to conduct discovery; requesting leave to amend his Petition; requesting sanctions; and requesting immediate release. (Docket Entries 32, 57, 62, 66, & 67.)

These motions are now before the court for a ruling or Report and Recommendation. Having carefully considered the parties' submissions and the record in this case, the court concludes that Liberte's Petition must be dismissed as untimely and his motions denied.

# BACKGROUND

Liberte was initially indicted in October 1996 for conspiracy to traffick cocaine (400 grams or more) (96-GS-47-12), and in April 1997 was tried and found guilty as charged. (App. at 429-30; Docket Entry 19-5 at 79-80.) This conviction was subsequently reversed and the case remanded. In November 1999, the State Grand Jury issued a superseding indictment charging Liberte with conspiracy to traffick 400 grams or more of cocaine and trafficking in cocaine (96-GS-47-12). (App. at 431-35, Docket Entry 19-5 at 81-85.) Liberte was represented by William Yarborough, III, Esquire, and Christopher T. Posey, Esquire, and on April 17-18, 2000, was tried by a jury and found guilty as charged. (App. at 310, Docket Entry 19-4 at 31.) The circuit court sentenced Liberte to concurrent sentences of twenty-seven years' imprisonment on each conviction. (App. at 314, Docket Entry 19-4 at 35.)

Liberte filed a direct appeal and was represented by Daniel T. Stacey, Esquire, Chief Attorney of the South Carolina Office of Appellate Defense. Following briefing by the parties, the South Carolina Court of Appeals affirmed Liberte's conviction. (State v. Liberte, 2003-UP-463 (S.C. Ct. App. July 8, 2003), Docket Entry 19-10.) Liberte filed a petition for rehearing (Docket Entry 19-11) which was subsequently denied by order filed November 20, 2003 (Docket Entry 19-12). The remittitur was issued on December 30, 2003. (Docket Entry 19-13.)

On February 27, 2004, Liberte filed a *pro se* application for post-conviction relief ("PCR"). (See Liberte v. State of South Carolina, 04-CP-23-1325; App. at 320-29, Docket Entry 19-4 at 41-50.) The State filed a return. (App. at 332-47, Docket Entry 19-4 at 53-68.) On February 17, 2005, the PCR court held an evidentiary hearing at which Liberte appeared and was represented by Caroline Horlbeck, Esquire. (App. at 348-99, Docket Entry 19-4 at 69 through Docket Entry 19-5

Page 2 of 11

PJG

at 49.) Additionally, Liberte presented testimony from his co-defendant, William H. Sims, Jr. The State presented testimony of Liberte's trial counsel, Christopher T. Posey.[1] By order filed July 11, 2006, the PCR judge denied and dismissed with prejudice Liberte's PCR application. (App. at 400-11, Docket Entry 19-5 at 50-61.) Liberte filed a motion to reconsider pursuant to Rule 59(e) of the South Carolina Rules of Civil Procedure. (App. at 412-13, Docket Entry 19-5 at 62.) The State responded by filing a return and a letter. (App. at 414-19, Docket Entry 19-5 at 64-69.) Liberte's motion was denied by order filed November 1, 2006. (App. at 421-24, Docket Entry 19-5 at 71-74.)

In his PCR appeal, Liberte was represented by Lanelle C. Durant, Esquire, Assistant Appellate Defender of the South Carolina Commission of Indigent Defense, Division of Appellate Defense, who filed a petition for a writ of certiorari on May 19, 2007. (Docket Entry 19-14.) The State filed a return. (Docket Entry 19-15.) In an order filed May 21, 2008, the South Carolina Court of Appeals denied Liberte's petition. (Docket Entry 19-16.) The remittitur was issued June 6, 2008. (Docket Entry 19-17.)

## FEDERAL HABEAS ISSUES

Liberte filed the instant Petition for a writ of habeas corpus on May 18, 2009. (Docket Entry 1.) In his Petition, Liberte raises the following issues:

> **Ground One:** Unlawful arrest.
> **Supporting Facts:** I was arrested in a restaurant while having dinner with a friend, who was allegedly accused by an informant. The police came to arrest him and decided to arrest me also—absent probable cause. I was never seen committing any crime, and no one implicated me. These facts propelled the officers to claim they did not arrest me. The prosecution has yet to establish probable cause.

---

[1] The State was unable to subpoena Liberte's other trial counsel, William Yarborough, III, to testify at this hearing; however, the parties were subsequently able to question Mr. Yarborough at the PCR hearing of Liberte's co-defendant. (See App. at 400 n.1, Docket Entry 19-5 at 50.)



**Ground Two:** Subject matter jurisdiction or, prosecution without a True-Bill Indictment.
> **Supporting Facts:** The Grand Jury minutes revealed the truth. My name was never mentioned before the State Grand Jury. There was absolutely no evidence to present on my behalf. The informant implicated only one person. He never saw or heard of me, he testified at trial. I never was indicated by the State Grand Jury.

**Ground Three:** Fake evidence.
> **Supporting Facts:** Due to a lack of evidence, the prosecution fabricated [] a fake audio-tape with just two words and ascribed them to me. The prosecution refused to give me the audio-tape for a voice-analysis—even now. I told the trial judge to give me the death penalty, if a voice analysis revealed that the voice belongs to me. My effort was futile.

**Ground Four:** Illegal search and seizure.
> **Supporting Facts:** Due to a lack of probable cause, the arresting officer falsely claimed consent to search my hotel room, from which illegal drug was claimed to be found. I emphatically rebutted that claim. During an evidentiary hearing, the trial judge wrongly inferred—against the law—that I consented to the search. Despite my request to compel the State to support its burden as the law requires, the Judge mistakenly rule[d] for the State.

**Ground Five:** Subject matter jurisdiction.
> **Supporting Facts:** As I have been complaining about the state appointed attorneys' behavior, the evidence has never been clearer in this instance. With ironclad evidence proving that I was never indicted due to the fact that my name was never mentioned before the State Grand Jury and that no evidence of wrongdoing exists against me, the state appointed attorneys, one after another, strategically ignored such a vital issue. I humbly implore this court to review this matter.

**Ground Six:** Due process.
> **Supporting Facts:** As required by law in South Carolina, when a conviction is nullified on appeal, everything shall start anew if the prosecution intend[s] to retry the defendant. Well in my case I was denied due process. The trial judge refused to re-open discovery, notwithstanding my request to oblige the prosecution to produce the fake audio-tape evidence for a voice analysis. No Motions were filed on my behalf. The trial judge even dismissed my retained attorney and appointed me a public defender, against my will, simply because my retained attorney insisted on re-opening the discovery so that he may be able to better prepare for the trial. To this very moment, the prosecution is still holding on to this critical piece of evidence.

*PJG*

**Ground Seven:** Ineffective assistance of trial counsel.
 **Supporting Facts:** The South Carolina Law has established two prongs to be proven by a defendant seeking relief, and they are: INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL and PREJUDICE. My trial counsel testified during my Post Conviction Relief that he was ineffective due to the fact that his drug and alcohol abuse, mental impairment and legal problems adversely affected his ability to effectively represent and make decisions on my behalf. However, the state appointed counsel, once again, willfully ignored this vital issue before the South Carolina Supreme Court. Consequently my Writ of Certiorari was denied.

(Docket Entry 1 at 5-15.)

## DISCUSSION

**A.** **Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

PJG

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.      Statute of Limitations**

The respondent argues that Liberte's Petition is untimely under the one-year statutory deadline set forth in 28 U.S.C. § 2244(d)(1)(A). The one-year time period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Liberte filed a direct appeal, his conviction became final on December 30, 2003, the date the South Carolina Court of Appeals entered the remittitur.[2] See Rules 203(b)(2), 221, & 242, SCACR. Accordingly, the

---

[2] Because Liberte did not seek certiorari from the South Carolina Supreme Court, he is not entitled to an additional tolled time period of 90 days in which to seek certiorari review from the United States Supreme Court. Hammond v. Hagan, C/A No. 4:07-1081-JFA, 2008 WL 2922860, *3 (D.S.C. July 24, 2008); see also 28 U.S.C. § 1257 ("Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari . . . ."); U.S. Sup. Ct. R. 10(b) (stating that certiorari is considered where "state court of last resort" has decided an important federal question); U.S. Sup. Ct. R. 13 (stating that the time period for a petition for a writ of certiorari is 90 days from the decision or judgment of a state court of last resort).



limitations period began to run on December 31, 2003 and expired on December 30, 2004, unless the period was at any time tolled for any properly filed state PCR application. 28 U.S.C. § 2244(d)(2); see also Hernandez v. Caldwell, 225 F.3d 435, 438-39 (4th Cir. 2000) (applying the anniversary date method in calculating the one-year limitation period in § 2244 and concluding that "the actual count on the limitations period began on April 25, 1996, and ended on April 24, 1997, excluding any time tolled"); United States v. Hurst, 322 F.3d 1256, 1260-61 (10th Cir. 2003) (holding that one-year limitation period in AEDPA should be calculated using anniversary date method even when intervening period includes leap year).

Liberte filed his state PCR application on February 27, 2004. At that point, 59 days of non-tolled time had accrued since the period of limitations began to run. The period of limitations was tolled during the pendency of the PCR action until June 6, 2008, when the South Carolina Court of Appeals issued the remittitur from its order denying Liberte's certiorari petition. At this time, Liberte had 306 days of statutory time remaining, which means that Liberte had until April 8, 2009 to file a timely federal habeas corpus petition. Liberte's federal Petition was filed on May 18, 2009. Houston v. Lack, 487 U.S. 266, 270-71 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court). Accordingly, Liberte filed his federal habeas Petition over one month (40 days) after the expiration of the one-year limitations period under § 2244(d)(1)(A).

**C.    Liberte's Arguments**

In response to the respondent's statute of limitations defense, Liberte presents two arguments. First, Liberte argues that the statute of limitations is inapplicable in his case because he has alleged a claim of "fraud upon the court." (Docket Entry 65 at 7.) Liberte cites no federal authority for this

assertion and the court finds that it is without merit. The fact that one of Liberte's habeas grounds alleges fraud does not by itself render the federal limitations period inapplicable. To the extent that this argument rests upon an alleged fraud on the state trial court due the prosecution's alleged falsification of evidence against Liberte, he has failed to demonstrate how this allegation excuses his failure to meet his federal deadline, particularly in light of Liberte's knowledge of the facts giving rise to this allegation throughout his state court proceedings. (See, e.g., Docket Entry 65 at 8.)

Next, Liberte argues that his Petition is timely pursuant to § 2244(d)(1)(D). Section 2244(d)(1)(D) provides that the limitations period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Liberte alleges that the one-year limitations period should not begin to run until February 17, 2005, as "the factual predicate of his Brady violation claim could not have been discovered through the exercise of due diligence" until that date. (Id.) Liberte explains that on February 17, 2005, his co-defendant, William Sims, testified at the PCR hearing that Liberte was innocent. Liberte alleges that "the State had suppressed this exculpatory testimony by refusing to allow William Sims to testify for [Liberte] and/or failing to disclose Sims' testimony of his own re-trial whereby he, upon information and belief, exclaimed [Liberte's] innocence." (Id.)

Liberte misconstrues § 2244(d)(1)(D). The relevant date in examining § 2244(d)(1)(D) is the date that Liberte could have discovered through the exercise of reasonable diligence the claims presented in his Petition. Liberte presents numerous claims in his Petition, which are quoted in full above; however, none of the claims asserts that he is entitled to habeas relief due to an asserted violation of Brady v. Maryland, 373 U.S. 83 (1963), due to a failure to disclose exculpatory evidence relating to Sims. Accordingly, Liberte has failed to demonstrate, or even allege, that the factual

PJG

predicates to the claims actually presented in his Petition could not have been discovered through the exercise of due diligence until February 17, 2005. See Birch v. Warden, Okaloosa Corr. Inst., C/A No. 2:07-cv-3207-GRA-RSC, 2007 WL 4443098 (D.S.C. Dec. 14, 2007) (unpublished) (rejecting petitioner's argument that the date he discovered that his sentence was not properly calculated rendered his petition timely under § 2244(d)(1)(D) where the claims in his petition asserted violations of his Sixth Amendment rights, making the relevant date under § 2244(d)(1)(D) the date petitioner discovered, through the exercise of due diligence, his Sixth Amendment claims). Therefore, this argument is without merit and must fail.

**D.     Liberte's Motions**

Liberte requests that his case be held in abeyance. (Docket Entry 32.) Specifically, Liberte asserts that the State is withholding evidence and requests that they produce to him certain items and testimony that he argues will prove his innocence. Liberte has also filed a motion for discovery pursuant to Rule 6(a), 28 U.S.C. foll. § 2254, requesting leave to seek production of these items from the respondent. (Docket Entry 57.) As the evidence requested appears to pertain to the merits of Liberte's habeas petition and not the respondent's statute of limitations defense, these motions should be denied based on the court's determination that Liberte's Petition is untimely.

Additionally, Liberte has filed a motion to amend his Petition to include additional facts to support his claim of ineffective assistance of counsel. (Docket Entry 62.) Leave to amend a pleading should be denied when the amendment would cause undue delay, when it would be prejudicial to the opposing party, when there has been bad faith on the part of the moving party, or when the amendment would be futile. See Foman v. Davis, 371 U.S. 178 (1962); Johnson v. Oroweat Foods Co., 785 F.2d 503, 509-10 (4th Cir. 1986). In light of the court's recommendation

to grant the respondent's motion for summary judgment based on the untimeliness of Liberte's federal habeas Petition, Liberte's amendment would be futile. Therefore, Liberte's motion to amend (Docket Entry 62) should be denied.

## RECOMMENDATION

Based upon the foregoing, the court finds that Liberte's Petition was not timely filed and is therefore barred by § 2244(d). Accordingly, the court recommends that the respondent's motion for summary judgment (Docket Entry 18) be granted. In light of this recommendation, Liberte's motion to hold his case in abeyance, motion for discovery, motion to amend his Petition, motion for sanctions, and motion for immediate release (Docket Entries 32, 57, 62, 66, & 67) should be denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 28, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).