UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Aubin Liberte, | ) | C/A No. 0:09-1343-JFA-PJG |
| --- | --- | --- |
| Petitioner, | ) | |
| v. | ) | ORDER |
| Warden, Lieber Correctional Institution, | ) | |
| Respondent. | ) | |

The *pro se* petitioner, Aubin Liberte, is an inmate at the South Carolina Department of Corrections serving a term of incarceration of fifty-four years upon his state conviction for conspiracy to traffick and trafficking in cocaine. He has filed a petition pursuant to 28 U.S.C. § 2254 alleging that he is being held in custody in violation of the United States Constitution due to an unlawful arrest, improper indictment, false evidence, illegal search and seizure, and ineffective assistance of counsel. He also claims that the State did not have subject matter jurisdiction and that his due process rights were violated.

The Magistrate Judge assigned to this action[1] has prepared a thorough Report and Recommendation and opines that the respondent's motion for summary judgment[2] should be

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying petitioner of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Petitioner responded to the motion.

1

granted because the petition is untimely. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The petitioner was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on July 29, 2010. Petitioner filed timely objections to the Report after being granted an extension within which to do so.

The Magistrate Judge concurs with the respondent's contention that the petitioner's claim is barred because it was not timely filed under the one-year statute of limitations created by the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub.L.No. 104-132, 110 Stat. 1214 (AEDPA). In addition, the Magistrate finds no showing by the petitioner that would entitle him to equitable tolling. The AEDPA provides a one-year statute of limitations period on the filing of a § 2254 action. Subsection (d) of the statute reads:

> (D)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) The date on which the constitutional right was asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

2

> (D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1).

The petitioner's conviction became final on December 30, 2003 when the South Carolina Court of Appeals entered its remittitur. Because petitioner did not seek certiorari review from the South Carolina Supreme Court, he is not entitled to an additional tolled time of 90 days in which to seek certiorari review from the United States Supreme Court. *See, e.g., Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000). Accordingly, the limitations period expired one year later on December 30, 2004, unless the period was at any time tolled for a properly filed state PCR application. 28 U.S.C. § 2244(d)(2); *see also Hernandez v. Caldwell*, 225 F.3d 435, 438–39 (4th Cir. 2000).

The petitioner filed his first state PCR action on February 27, 2004. At that point, 59 days of non-tolled time had accrued since the limitations began to run. The period was tolled during the pendency of the PCR action until June 6, 2008, when the South Carolina Court of Appeals issued the remittitur from its order denying petitioner's writ of certiorari. This left 306 days of statutory time remaining, which gave petitioner until April 6, 2009 to file a timely federal habeas corpus petition. The present § 2254 petition was filed May 18, 2009[3]

---

[3] The filing date of May 18, 2009 reflects the date the petitioner delivered the petition to prison authorities to forward to the district court. This date is stamped on the envelope accompanying the petition. *Houston v. Lack*, 487 U.S. 266, 270–71 (1988).

which was more than one month (40 days) after the expiration of the one-year limitations period under § 2244(d)(1)(A). The Magistrate Judge suggests that no equitable tolling can be applied to the petitioner.

In opposing the respondent's motion for summary judgment, the petitioner argues that the statute of limitations is inapplicable because he has alleged a claim of fraud upon the court. The Magistrate Judge notes that the petitioner cites no federal authority for this assertion of fraud, and that such an assertion does not by itself render the federal limitations period inapplicable. Nor can petitioner show how this allegation excuses his failure to meet the federal filing deadline.

Petitioner counters the motion for summary judgment arguing that his petition is timely under § 2244(d)(1)(D). He claims that February 17, 2005 is the date on which the factual predicate of his *Brady* violation claim could be discovered—the date when petitioner's co-defendant testified at petitioner's PCR hearing that petitioner was innocent. As the Magistrate Judge points out in her Report, none of the claims petitioner has presented in this petition allege or assert a *Brady* violation due to a failure to disclose exculpatory evidence relating to the co-defendant. Accordingly, petitioner cannot rely on the date of February 17, 2005 as the starting point for his limitations period. The relevant dates must relate to the claims presented in the petition.

In his objections to the Report, petitioner now contends that the time limits imposed by AEDPA under § 2244(d)(1) are not applicable because he can show that he is actually innocent of the charges under the requirements set forth in *Schlup v. Delo*, 513 U.S. 298,

4

326–27(1995). Petitioner seeks to amend his petition to include an actual innocence claim. He contends that he has raised this issue in one of his supplemental responses in this case; that such amendment would not prejudice the respondent; and that the Magistrate Judge failed to consider his actual innocence argument.

The United States Supreme Court has held that a claim of actual innocence can be raised "to avoid a procedural bar to the consideration of the merits of [the petitioner's] constitutional claims." *Schlup* at 326-27. However, this gateway only applies to procedural defaults and bars of claims at the state level, *after* a petitioner has timely filed a § 2254 petition. The Supreme Court has not yet held that a claim of actual innocence will excuse an inmate's failure to timely file within the one-year statute of limitations set by the AEDPA.

The petitioner cites to other circuits which have allowed equitable tolling based on actual innocence after a petitioner has diligently pursued his federal habeas claims. *See Souter v. Jones*, 395 F.3d 577–97 (6th Cir. 2005). However, there is no clear directive from either the Fourth Circuit or the Supreme Court which allows a petitioner to proceed on the merits of an untimely petition because of an actual innocence contention.

In considering generally whether to allow equitable tolling of the one-year statute of limitations period, the Fourth Circuit applies the "extraordinary circumstances" test which entitles tolling if the petitioner presents (1) extraordinary circumstances; (2) beyond his control or external to his own conduct; (3) that prevented him from filing on time. *See Rouse v. Lee*, 339 F.3d 238 (4th Cir. 2003) (en banc). The Fifth and Eighth Circuits have reasoned that a claim of actual innocence is an insufficient circumstance to warrant equitably tolling

5

the statute of limitations without a showing that a petitioner has discovered new facts that could not have been found with reasonable diligence before the time for filing had ended.

Here, petitioner contends in several of his grounds that the prosecution knowingly presented false testimony, produced a fake audiotape at his state court trial, and has refused to release the "critical piece of evidence" (the allegedly fake audiotape). Respondent contends that these allegations were procedurally defaulted at trial or on direct appeal.

This court cannot find extraordinary circumstances in this case that would allow the petitioner to evade the one-year statute of limitations rule. His objection is therefore overruled.

After a careful review of the record, the applicable law, the Report and Recommendation, and the petitioner's objections thereto, the court finds the Magistrate Judge's recommendation to be proper and incorporates it herein by reference.

Accordingly, respondent's motion for summary judgment is granted and petitioner's remaining pending motions are denied. The court declines to grant a certificate of appealability in this matter.[4]

---

[4] On December 1, 2009, the Rules governing Section 2254 and 2255 cases in the United States District Courts were amended to require that the district court issue or deny a certificate of appealability when a final ruling on a habeas petition is issued. *See* Rule 11(a) of the Rules governing 28 U.S.C. § 2254 and 2255. The court has reviewed its order and pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 cases, declines to issue a certificate of appealability as petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong)(citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

September 14, 2010
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge